UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

        Plaintiff,

v.

        Case No. 24-cv-404-pp

SGT. MASON ZAGORSKI, *et al.*,

        Defendants.

## ORDER ALLOWING PLAINTIFF TO PROCEED WITHOUT PREPAYING PARTIAL FILING FEE

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective December 1, 2023 #14). Non-incarcerated plaintiffs must pay the $405 fee at the time they file their complaint.

The plaintiff, who is incarcerated at the Fond du Lac County Jail and who is representing himself, has filed a request to proceed without prepaying the filing fee, alleging that he is unable to do so. The law does not allow the court to waive the filing fee for an incarcerated person, even if he does not have enough money to pay the fee at the time of filing. An incarcerated person must pay a filing fee for every complaint he files—even if the court ends up dismissing the complaint or ruling against him. If an incarcerated person files more than one complaint, he must pay a separate filing fee for each complaint filed.

But if the court decides that an incarcerated person is unable to prepay the filing fee, (a) the $55 administrative fee is waived and (b) the court may

1

allow the incarcerated person to pay the $350 filing fee by paying an initial partial filing fee, followed by monthly installments, until the $350 has been paid in full. The law requires the court to calculate the initial filing fee and the installments based on 20% of either the average monthly deposits into the incarcerated person's account or the average monthly balance in the incarcerated person's account for the six months preceding the date the complaint was filed, whichever is greater. 28 U.S.C. §1915(b).

The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. §1915(a)(2). That statement shows that for that six-month period, both the average monthly deposit in the account and the average monthly balance in the account were **zero**. The plaintiff has neither the assets nor the means to pay an initial partial filing fee.

An incarcerated individual will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. §1915(b)(4). The plaintiff will be granted a waiver of payment of the initial partial filing fee in this case. However, he is still obligated to pay the full filing fee under the statutory formula set forth in 28 U.S.C. §1915(b)(2). See 28 U.S.C. §1915(b)(1).

The plaintiff should be aware of several things. First—the law requires the court to review, or "screen," all complaints in which incarcerated persons sue government officials. 28 U.S.C. §1915A(a). It says that the court must dismiss the complaint if the complaint is frivolous, malicious or fails to state a claim for which a federal court may grant relief. 28 U.S.C. §1915A(b).

Second—if an incarcerated person files more than three complaints which the court dismisses as frivolous or malicious, or for failure to state a

complaint upon which relief can be granted, the law says that that he cannot file any more complaints without first prepaying the full filing fee (unless he is in imminent danger of serious physical injury). 28 U.S.C. §1915(g). When the court dismisses a complaint as frivolous or malicious or for failure to state a claim, it assesses a "strike" against the plaintiff. Once the court has assessed three "strikes" against a plaintiff, the court will require him to *prepay* the full filing fee for any future complaints he files.

For these reasons, the plaintiff may wish to voluntarily dismiss the lawsuit, to avoid the risk of the court dismissing the lawsuit.

If the plaintiff wants to voluntarily dismiss the lawsuit to avoid having the court dismiss it later as frivolous or malicious or failing to state a claim, the plaintiff must, **on or before the date specified at the end of this order**, file a letter with the Clerk of Court, stating that the plaintiff does not wish to prosecute the lawsuit. If the plaintiff writes such a letter by the deadline specified at the end of the order, the court will dismiss the case without prejudice (and that dismissal will not count against the plaintiff in future requests to proceed without prepaying the filing fee).

The court **ORDERS** that the plaintiff will not be required to pay an initial partial filing fee. The court further **ORDERS** that if the plaintiff does not wish to continue with this lawsuit, then on or before **May 28, 2024**, the plaintiff must write a letter to the Clerk of Court asking to voluntarily dismiss the case. Once the time to receive the letter has expired, the court will review the complaint to determine whether to grant the plaintiff leave to continue without prepaying the filing fee. The court also will review the complaint to determine whether the lawsuit is frivolous or malicious or fails to state a claim upon

3

which relief can be granted; if the court concludes that the complaint does not meet this standard, the court will dismiss the complaint.

Dated in Milwaukee, Wisconsin this 6th day of May, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**