UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

               Plaintiff,

v.                                               Case No. 24-cv-404-pp

SGT. MASON ZAGORSKI, *et al.*,

               Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Jonathon M. Mark, who previously was incarcerated at the Fond du Lac County Jail[1] and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case

---

[1] Recently, in one of the plaintiff's other cases, an order the court had mailed to him was returned as undeliverable. Mark v. Zagorski, Case No. 24-cv-430-pp, Dkt. No. 8 (E.D. Wis. Aug. 12, 2024). The plaintiff did not file a change of address with the court, but court staff searched Wisconsin online court records and found an address that had been confirmed for the plaintiff as of July 30, 2024. Id., Dkt. No. 9. The court has updated the plaintiff's address with that address for all his cases.

1

without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 6, 2024, the court ordered the plaintiff did not have to pay an initial partial filing fee. Dkt. No. 7. The court gave the plaintiff an opportunity to voluntarily dismiss this case without the risk of incurring a strike by May 28, 2024. Id. The plaintiff did not do so. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the filing fee in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison,

2

Case 2:24-cv-00404-PP   Filed 10/16/24   Page 2 of 9   Document 8

668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued Sergeant Mason Zagorski, Sergeant Kaufman, CO Rafael Ramirez, Tyler Broderick, Captain James Borgen, the Fond du Lac County Jail and CO II Bukowizc. Dkt. No. 1 at 1. The individual defendants allegedly work at the Fond du Lac County Jail. Id. at 1-2.

3

The plaintiff alleges that from November 2023 to the date he signed the complaint (March 28, 2024), Sergeant Zagorski censored his legal mail from the government to harass and retaliate against him without penological objective, and that Zagorski did not open this type of mail in the plaintiff's presence. Id. at 4. Zagorski allegedly did not allow the plaintiff to keep the envelopes to prevent future reading of this type of mail nor did he stamp these pieces of mail as privileged and/or confidential. Id. The plaintiff states that a jail policy or procedure allows censorship of his legal mail and is used to harass as well as to discover and gather information on incarcerated individuals' legal cases. Id. at 4-5. Zagorski allegedly directed others to censor the plaintiff's privileged and/or legal mail. Id. at 5. The plaintiff alleges that from January 2024 to March 28, 2024, defendant Sergeant Kaufman censored his legal mail in the same way as defendant Zagorski. Id. Kaufman also allegedly directed others to censor the plaintiff's mail, in violation of the First Amendment. Id. at 5-6. The plaintiff alleges that from January 2024 to March 28, 2024, defendant CO Ramirez censored his legal mail in the same way as Zagorski and Kaufman. Id. at 6. From November 2023 to March 28, 2024, defendant Bukowizc allegedly censored the plaintiff's legal mail in the same way as Zagorski, Kaufman and Ramirez. Id. at 7-8.

The plaintiff alleges that from November 2023 to March 28, 2024, defendants Tyler Broderick and James Borgen directed others to violate the plaintiff's First Amendment right to be free from censorship. Id. at 7.

4

The plaintiff seeks damages and unspecified injunctive relief from the defendants. Id. at 9.

C. Analysis

"[P]risoners have protected First Amendment interests in both sending and receiving mail." Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999). This right, however, "does not preclude prison officials from examining mail to ensure that it does not contain contraband." Kaufman v. McCaughtry, 419 F.3d 678, 685 (7th Cir. 2005). "Prison regulations or practices affecting a prisoner's receipt of non-legal mail . . . implicate First Amendment rights and must be 'reasonably related to legitimate penological interests[.]'" Rowe, 196 F.3d at 782 (quoting Thornburgh v. Abbott, 490 U.S. 401, 409 (1989)). Regarding legal mail, prison officials may, consistent with the First Amendment, open such mail in the presence of the incarcerated person. Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974).

Allegations of interference with legal mail implicate an incarcerated person's rights under the First and Fourteenth Amendments. Turner v. Safley, 482 U.S. 78, 84 (1987); Lewis v. Casey, 518 U.S. 343, 351 (1996). The Seventh Circuit defines "legal mail" as mail from a lawyer or marked as confidential and privileged. Kaufman, 419 F.3d at 686 (citing Wolff, 418 U.S. at 576). Mail from a lawyer to an incarcerated person, however, is not considered "legal mail" if the lawyer does not actually represent or seek to represent the incarcerated person. Id.

The plaintiff alleges that the defendants censored his legal mail, but he has not described with specificity any instances of the alleged censorship. Although the plaintiff's allegation could state a claim under the First Amendment, the court requires more than conclusory allegations. The plaintiff must allege—specifically—what each defendant did to violate his rights. General allegations that the defendants repeatedly violated the plaintiff's constitutional rights are not sufficient. Similarly, the plaintiff's conclusory allegation that a defendant harassed and retaliated against him does not, without more, state a claim for a constitutional violation. The plaintiff references a jail policy that authorizes censorship of his legal mail, but he has not described with specificity how this policy affected him. In short, the plaintiff's conclusory allegations that the defendants repeatedly violated his constitutional rights by censoring his legal mail does not state a claim. The court will give the plaintiff an opportunity to file an amended complaint. The plaintiff must provide additional factual content for the court to determine whether he states a claim against a particular defendant.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b). (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If

there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What—specifically—did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by the end of the day on **November 8, 2024**. If the court receives an amended complaint by the end of the day on November 8, 2024, the court will screen the amended

7

complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the November 8, 2024 deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the plaintiff must pay the $350 filing fee to the Clerk of Court.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is *his responsibility* to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 16th day of October, 2024.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**