UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JONATHON M. MARK,

                Plaintiff,

    v.                                     Case No. 24-cv-404-pp

SGT. MASON ZAGORSKI, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE, DENYING PLAINTIFF'S MOTION TO CHALLENGE INCURRED STRIKE, AND DENYING AS MOOT PLAINTIFF'S REQUEST FOR COPIES (DKT. NO. 11)**

---

Plaintiff Jonathon M. Mark, who is incarcerated at the Fond du Lac County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. On October 16, 2024, the court screened the complaint under 28 U.S.C. §1915A and concluded that the complaint failed to state a claim. Dkt. No. 8 at 7. The court gave the plaintiff the opportunity to file an amended complaint, ordering that he must do so in time for the court to receive the amended complaint by November 8, 2024; the court warned the plaintiff that if it did not receive an amended complaint by that date the court would dismiss the case based on the failure of the original complaint to state a claim. Id. at 7-8. The plaintiff did not file an amended complaint, and on November 20, 2024, the court dismissed the case for failure to state a claim and imposed a strike under 28 U.S.C. §1915(g). Dkt. No. 9. On February 28, 2025, the court received from the

1

plaintiff a "motion to reopen and relief from judgment, to challenge incurred strike and motion to receive copies of court documents[.]" Dkt. No. 11.

In his motion, the plaintiff states that he did not receive the court's order dated May 6, 2024 because jail staff interfered with his mail. <u>Id.</u> at ¶¶2-3. He also says that he never received the court's order dated October 16, 2024 because "he was homeless and literally living on the streets, and not living in Fond du Lac at the time this court sent the October order, but outside of Fond du Lac in the country." <u>Id.</u> at ¶¶4-5. The plaintiff states that he was unable to pick up his mail at the "Portland address," which is used by the homeless as their address, and he could not have someone else pick up his mail. <u>Id.</u> at ¶¶6-9. He also says that he did not have money to purchase writing materials or postage to contact the court. <u>Id.</u> at ¶11. He asks the court to provide him with copies of his complaint and the court's orders he didn't receive at no charge because he is indigent.[1] <u>Id.</u> The plaintiff asks the court to grant his motion to reopen and says that he challenges the strike he incurred because "he would've probably voluntarily dismissed this case, or, at least, amended his complaint[.]" <u>Id.</u>

The court considers the plaintiff's motion to reopen the case and for relief from judgment under Federal Rule of Civil Procedure 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." <u>Harrington v. City of Chicago</u>, 433 F.3d 542, 546 (7th Cir. 2006) (quoting

---

[1] On March 3, 2025, clerk's office staff sent the plaintiff a letter about obtaining copies of these documents. Dkt. No. 14. The court will deny as moot the plaintiff's request for copies.

<u>Karraker v. Rent-A-Center, Inc.</u>, 411 F.3d 831, 837 (7th Cir. 2005)). Rule 60(b) allows a court to grant relief from a judgment for any of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

When the court screened the plaintiff's complaint on October 16, 2024, it stated:

> Recently, in one of the plaintiff's other cases, an order the court had mailed to him was returned as undeliverable. <u>Mark v. Zagorski</u>, Case No. 24-cv-430-pp, Dkt. No. 8 (E.D. Wis. Aug. 12, 2024). The plaintiff did not file a change of address with the court, but court staff searched Wisconsin online court records and found an address that had been confirmed for the plaintiff as of July 30, 2024. <u>Id.</u>, Dkt. No. 9. The court has updated the plaintiff's address with that address for all his cases.

Dkt. No. 8 at 1 n.1. This was the Portland Street address referenced by the plaintiff in his motion. When the court dismissed the complaint, it explained that the court's screening order had not been returned as undeliverable and that the court had no reason to believe the plaintiff had not received the order. Dkt. No. 9 at 1.

3

In his motion to reopen, the plaintiff acknowledges that he did not update the court with his current address after he was released from jail. Dkt. No. 11. The court did its best to find a more current address for the plaintiff and send orders to him there. Although the plaintiff says that the address that court staff found for him in the Wisconsin court records "was good," he also says that he didn't have transportation to pick up mail at that address and that he lacked funds to mail anything to the court. The court questions whether an address at which the plaintiff could not pick up mail at was "good." In any event, the plaintiff could have called the clerk's office and advised a staff member of his situation. The court's April 4, 2024 letter to the plaintiff advised him that he must notify the court if his mailing address changed and that failure to do so could result in dismissal of the case without further notice. Dkt. No. 4. The plaintiff does not state that he did not receive this letter. Even if he didn't receive it, the plaintiff has filed many cases in the Eastern District of Wisconsin[2] and should be aware of the requirement that he provide the court with an address at which he can receive mail or notify the court that he cannot receive mail.

The plaintiff's homelessness after being released from jail does not constitute excusable neglect under Rule 60(b) and does not warrant reopening the case. See Harris v. Emanuele, 826 F. App'x 567, 568 (7th Cir. 2020) (failure to timely update address not excusable neglect because plaintiff provided no

_____

[2] Since December 2020, the plaintiff has filed about thirty civil cases in the Eastern District of Wisconsin.

4

explanation why he could not have updated his address after fire that prevented him from receiving case filings); Shaffer v. Lashbrook, 962 F.3d 313, 317 (7th Cir. 2020) (failure to check docket for over six months is not excusable neglect, despite inability to receive mail); Modesitt v. Wexford Medical, Case No. 21-cv-1711, 2023 WL 348270, at *1-*2 (S.D. Ind. Jan. 20, 2023) (plaintiff's homelessness after release from confinement not excusable neglect because he did not notify court of homelessness when it happened and reopening case would prejudice defendants); see also Juarez v. Kenosha Cnty. Sheriff's Dep't, Case No. 19-cv-1593, 2021 WL 363981, *3 (E.D. Wis. Feb. 3, 2021) (plaintiff's loss of home and subsequent arrest did not constitute extraordinary circumstances sufficient to grant him relief from court's judgment). The court will deny the plaintiff's motions to reopen case and challenge incurred strike.

The court **DENIES** the plaintiff's motion to reopen case. Dkt. No. 11.

The court **DENIES** the plaintiff's motion to challenge incurred strike. Dkt. No. 11.

The court **DENIES AS MOOT** the plaintiff's request for copies of documents. Dkt. No. 11.

Dated in Milwaukee, Wisconsin this 8th day of May, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

5